# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s): **Brent L Barbour**
**Regina A Barbour**　　　　　　　Case No: **17-62236**

This plan, dated **April 4, 2018**, is:

☑ the *second* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
　☐ confirmed or ☐ unconfirmed Plan dated .

　Date and Time of <u>Modified Plan</u> Confirming Hearing:

　Place of <u>Modified Plan</u> Confirmation Hearing:

　The Plan provisions modified by this filing are: **to remove the classification of the debt US Bankruptcy Court Western District of VA and provide for the creditor to be paid as an unsecured claim, to remove the classification of the debt US Bankruptcy Court Clerk of the Western District of VA and provide for the creditor to be paid as an unsecured claim and to reduce monthly plan payments due to a decrease in income.**

　Creditors affected by this modification are: **ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

　Total Assets: **$140,815.00**
　Total Non-Priority Unsecured Debt: **$321,354.55**
　Total Priority Debt: **$765.80**
　Total Secured Debt: **$125,499.85**

1.  **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$345.00 Monthly for 60 months**.  Other payments to the Trustee are as follows:  **plus funds received as of April 4, 2018 in the amount of $1,350.00**  .  The total amount to be paid into the plan is $ **22,050.00**  .

2.  **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

    1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2.  Debtor(s)' attorney will be paid $ **4,050.00**  balance due of the total fee of $ **4,050.00**  concurrently with or prior to the payments to remaining creditors. **Attorney fees of $4,000.00 plus title search fee of $50.00, none of which were paid directly by the debtor, are included in the above amount.**

    B.  **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Bedford County Treasurer** | **Taxes and certain other debts** | 364.05 | Prorata 9 months |
| **City of Lynchburg** | **Taxes and certain other debts** | 401.75 | Prorata 9 months |

3.  **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

    B.  **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Toyota Motor credit Corp** | **2014 Toyota Camry 100000 miles** <br>***- please see the additional language in paragraph 11F** | 1,908.00 | 13,498.00 |

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Capital One Auto Finance** | **2008 BMW 528I Series 120000 miles** | **63.05 for 9 months** | **trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **BrownStone Properties** | **107 Widgeon Court Lynchburg, VA 24503  Bedford County purchased property April 2016 for $120,299.00 tax assessed at $154,500.00** | **1,400.00** | **0%** | **29.17 48 months** |
| **Capital One Auto Finance** | **2008 BMW 528I Series 120000 miles** | **6,586.19** | **5%** | **146.19 50 months** |

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.     Unsecured Claims.**

   **A.     Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __1__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

   **B.     Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **Lynchburg Billings & Collections** | **parking tickets- $40.00 to be paid by the chapter 13 Trustee** | **Paid 100%** |
| **Lynchburg City Billing  Collections** | **Probation Supervision Fee- $200.00 to be paid by the chapter 13 Trustee** | **Paid 100%** |
| **Pittsylvania County Circuit Court** | **court fine - $1,571.85 to be paid by the chapter 13 Trustee** | **Paid 100%** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.** **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Pennymac Loan Services** | **107 Widgeon Court Lynchburg, VA 24503  Bedford County purchased property April 2016 for $120,299.00 tax assessed at $154,500.00** | **627.12** | **2,250.00** | **0%** | **18 months** | **Prorata** |

    **B.** **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

    **C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

    **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.     Liens Which Debtor(s) Seek to Avoid.**

    **A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.    Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.     Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.     Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.    Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.    Other provisions of this plan:**

**(a).  Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**_x__The Debtor's payment required by Paragraph 1 shall be made to the Trustee either by wage deduction, TFS or a direct pay order**
**_x__Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b).  Attorneys Fees**

**Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 4, 5, 6 herein.**

**(c).  Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Paragraphs 5(a) and 6(b).**

| Creditor | Month Debtor to resume regular direct payments |
|---|---|
| **Pennymac Loan Services** | **December 2017**☐ |

4/04/18 2:01PM

**F. Other:**

**(1). ########ATTENTION ALL SECURED CREDITORS LISTED IN PARAGRAPH 5 #######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PARAGRAPH 5, SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE. SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

**(2)   ************* ATTENTION, CREDITORS LISTED IN PARAGRAPH 3(B).***************
THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

**Signatures:**

**Dated:** April  4, 2018

| | |
|---|---|
| **/s/ Brent L Barbour** | **/s/ Stephen E. Dunn** |
| **Brent L Barbour** | **Stephen E. Dunn 26355** |
| **Debtor** | **Debtor's Attorney** |
| **/s/ Regina A Barbour** | |
| **Regina A Barbour** | |
| **Joint Debtor** | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                          Best Case Bankruptcy

DIVERSIFIED CONSUTANTS, INC.
FOR VERIZON
P.O. BOX 551268
JACKSONVILLE, FL 32255

CITY OF LYNCHBURG
BILLINGS & COLLECTIONS
PO BOX 9000
LYNCHBURG, VA 24505

DOCKYARD EMERG PHYSICIANS
P.O. BOX 37855
PHILADELPHIA, PA 19101

BEDFORD COUNTY TREASURER
122 E. MAIN ST SUITE 101
BEDFORD, VA 24523

CREDIT FIRST NATIONAL ASSOC
ATTN: BK CREDIT OPERATIONS
PO BOX 81315
CLEVELAND, OH 44181

ERC/ENHANCED RECOVERY COR
ATTN: BANKRUPTCY FOR COMCA
8014 BAYBERRY RD
JACKSONVILLE, FL 32256

BEDFORD MEMORIAL HOSPITAL
PO BOX 688
BEDFORD, VA 24523

CREDITORS COLLECTION SERVICE
FOR ASTHMA & ALLERGY CENTER
PO BOX 21504
ROANOKE, VA 24018-0152

ERC/ENHANCED RECOVERY COR
8014 BAYBERRY RD
FOR DIRECTV
JACKSONVILLE, FL 32256

BROWNSTONE PROPERTIES
3720 OLD FOREST ROAD
FOR WOODLANDS HOMEOWNERS ASSOC
LYNCHBURG, VA 24501

CREDITORS COLLECTION SERVICE/CCS
PO BOX 21504
FOR LYNCHBURG GYNECOLOGY
ROANOKE, VA 24018

FOCUSED RECOVERY SOLUTION
9701-METROPOLITAN CT
STE B, FOR RADIOLOGY CONSUL
RICHMOND, VA 23236

CAPITAL ONE
ATTN: GENERAL CORRESPONDENCE/BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130

CREDITORS COLLECTION SERVICE/CCS
PO BOX 21504
FOR BEDFORD EMER SERVICE
ROANOKE, VA 24018

JEFFERSON CAPITAL SYSTEMS, LL
MID AMERICA BANK & TRUST
PO BOX 7999
SAINT CLOUD, MN 56302-9617

CAPITAL ONE AUTO FINANCE
ATTN: GENERAL CORRESPONDENCE/BR
PO BOX 30285
SALT LAKE CITY, UT 84130

CREDITORS COLLECTION SERVICE/CCS
PO BOX 21504
FOR CENTRA MEDICAL GROUP
ROANOKE, VA 24018

LABCORP
PO BOX 2240
BURLINGTON, NC 27216-2240

CENTRA
PO BOX 79940
BALTIMORE, MD 21279-0940

CREDITORS COLLECTION SERVICE/CCS
PO BOX 21504
FOR CENTRA HEALTH BREAST SERVICE
ROANOKE, VA 24018

LASLIE'S AUTO BODY
3821 OLD FOREST ROAD
LYNCHBURG, VA 24501

CENTRA HEALTH
CREDITORS BANKRUPTCY
P.O. BOX 800849
DALLAS, TX 75380

CREDITORS COLLECTION SERVICE/CCS
PO BOX 21504
FOR BEDFORD MEDICAL
ROANOKE, VA 24018

LEON P. FERRANCE, ESQ.
PO BOX 34
ROANOKE, VA 24002

CENTRA MEDICAL GROUP
PO BOX 5470
BELFAST, ME 04915

DEPARTMENT STORE NAT BANK/MACY'S
PO BOX 657
KIRKLAND, WA 98083

LYNCHBURG BILLINGS & COLLEC
P.O. BOX 603
LYNCHBURG, VA 24505

CHASE CARD
ATTN: CORRESPONDENCE DEPT
PO BOX 15298
WILMINGTON, DE 19850

DEPT OF ED/NAVIENT
ATTN: CLAIMS DEPT
P.O. BOX 9635
WILKES BARR, PA 18773

LYNCHBURG CITY BILLING COL
P.O. BOX 603
LYNCHBURG, VA 24505

MCCARTHY BURGESS & WOL  
26000 CANNON RD  
FOR NTELOS  
CLEVELAND, OH 44146  

TRANSWORLD SYS INC/51  
PO BOX 15618  
FOR MEDEXPRESS URGENT CARE  
WILMINGTON, DE 15618  

PENNYMAC LOAN SERVICES  
ATTN: BANKRUPTCY  
PO BOX 514357  
LOS ANGELES, CA 90051  

US BANKRUPTCY COURT WESTERN DISTRIC  
210 CHURCH AVE, ROOM 200  
ROANOKE, VA 24011  

PITTSYLVANIA COUNTY CIRCUIT COURT  
3 N. MAIN STREET  
CHATHAM, VA 24531  

US BANKRUPTCY COURT, CLERK  
210 CHURCH STREET, S.W.  
ROANOKE, VA 24011  

PORTFOLIO RECOVERY  
PO BOX 41067  
NORFOLK, VA 23541  

US BANKRUPTCY TRUSTEE  
210 FIRST STREET, SW, STE. 505  
ROANOKE, VA 24011  

SCA CREDIT SVCS  
1502 WILLIAMSON ROAD  
ROANOKE, VA 24012  

VISA DEPT STORE NATIONAL BANK/MACY'S  
ATTN: BANKRUPTCY  
PO BOX 8053  
MASON, OH 45040  

SECOND ROUND, LP  
PO BOX 41955  
FOR SYNCHRONY BANK  
AUSTIN, TX 78704  

SUNTRUST  
PO BOX 850292  
RICHMOND, VA 23286  

SYNCHRONY BANK/TJX  
ATTN: BANKRUPTCY  
PO BOX 965060  
ORLANDO, FL 32896  

SYNCHRONY BANK/WALMART  
ATTN: BANKRUPTCY  
PO BOX 965060  
ORLANDO, FL 32896  

TOYOTA MOTOR CREDIT CORP  
PO BOX 8026  
CEDAR RAPIDS, IA 52408